Dorothy Bowden, Widow of Joseph Bowden, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and G. & W. H. Corson Company, Respondents.

Argued June 9, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Joseph Lurie,* for appellant.

*David L. White,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, August 22, 1977:

Dorothy Bowden (claimant) appeals to this Court from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's order which denied her compensation after finding that she was not the surviving widow of Joseph Bowden (Bowden).

The sole issue before us is whether or not the Board committed an error of law when it concluded that claimant had failed to prove a common law marriage to Bowden, who was accidently killed while in the course of his employment. The claimant contends that the Board erred in requiring her to prove that she and Bowden had exchanged words evidencing a present intent to enter into a marriage contract.

The record in this case contains evidence, and the workmen's compensation authorities so found, that the claimant cohabited with Bowden over the course of twelve years during which time they had a daughter. The record also indicates, and a finding was made, that the claimant used Bowden's name, and that he and she held themselves out to be husband and wife. The law is clear, however, that "[c]ohabitation and reputation are not a marriage; they are but circumstances from which a marriage may be presumed, and such presumption may always be rebutted and will wholly disappear in the face of proof that no marriage has occurred." *Commonwealth ex rel. McDermott v. McDermott,* 236 Pa. Superior Ct. 541, 345 A.2d 914 (1975). The present intent of the parties to form a marriage contract is the crucial element in proving a valid common law marriage relationship. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974).

The claimant testified that when she and Bowden first started living together she told him "that he was my husband and he told me that I was his wife." This

testimony, however, must be viewed in light of the claimant's other statements which tend to negate this present intention to be married and which reveal her intention only to enter into a ceremonial marriage sometime in the future:

Q. Did you ever tell Joseph Bowden specifically that you were marrying him?

A. I told him that I would.

Q. You only told him that you would marry him?

A. Yes.

Q. And he told you that he would marry you?

A. He asked me to marry him.

Q. What did he say?

A. He asked me would I marry him.

Q. What did you say?

A. I said in the future if he would cut out some of his drinking.

The referee specifically found "that the testimony of the claimant with respect to the alleged contract of marriage [is] not worthy of belief," and, as a reviewing appellate court, we are required by law in a workmen's compensation case to leave the resolution of questions of credibility to the fact-finders. *McIntosh v. Borough of Pleasant Hills*, 25 Pa. Commonwealth Ct. 311, 360 A.2d 273 (1976).

Although it is true that the validity of a common law marriage is a mixed question of fact and law, *David v. Bellevue Locust Garage, supra,* the compensation authorities here correctly applied the law in requiring proof of a present intention to be married. Although the precise words used are not alone controlling, proof of the actual intention of the parties to form a marriage contract is indispensable to the existence of a common law marriage. *Commonwealth ex*

*rel. McDermott v. McDermott, supra.* Obviously the referee was not convinced that the claimant and Bowden had such an intention to be married, and this Court may not disturb that finding.

We must conclude that the Board committed no error of law in finding that the claimant failed to prove that she was the lawful widow of Joseph Bowden, and we will, therefore, affirm the order of the Board.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

### ORDER

AND NOW, this 22nd day of August, 1977, the order of the Workmen's Compensation Appeal Board, denying compensation benefits to Dorothy Bowden, is hereby affirmed.