539 A.2d 18

Sandra M. Miller, Petitioner *v.* Workmen's Compensation Appeal Board (Pocono Hospital), Respondents.

Submitted on briefs January 27, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Michael J. McDonald, Thomas J. Foley, Jr. and Associates, P.C.,* for petitioner.

*Gregory D. Geiss,* for respondent, Pocono Hospital.

OPINION BY SENIOR JUDGE NARICK, March 15, 1988:
This is an appeal by Sandra M. Miller (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which denied Claimant disability benefits. We affirm.

A summary of the pertinent history of this case is as follows. On August 21, 1981, Claimant filed a claim petition alleging that she suffered a work-related injury on November 19, 1980 while in the course of her employment as a nurse's aide for Pocono Hospital (Employer). According to Claimant, this work injury has resulted in total disability due to both medical and psychiatric injuries.

However, the record discloses Claimant has a history of back problems. Claimant first injured her back in 1970 while working as a nurse's aide, and it was determined that she suffered a herniated disc at the L5-S1 level. In January 1971, Claimant underwent a laminectomy. Claimant thereafter returned to work. In 1978 Claimant again injured her back and a myelogram revealed a disc herniation at the L4-L5 levels. A second laminectomy was performed. Claimant again returned to work. In September 1980 a decompressive laminectomy and rhizotomy was performed. On November 1, 1980 Claimant returned to her employment and worked until her alleged re-injury on November 19, 1980. In December 1980 another rhizotomy was per-

formed on Claimant's back. In June 1981 another operation was performed on Claimant's back, and in April 1982, yet another operation was performed. In January 1983, a dorsal column stimulator (a battery operated device) was implanted in Claimant in order to reduce pain.

At the hearing before the referee, Claimant presented the deposition testimonies of her treating physician, Dr. Reuben Hoppenstein, a neurosurgeon, and Dr. Roger Brunswick, a psychiatric and neurology expert. Employer presented the testimony of Dr. Hugo Verbruggen, an orthopedic surgeon, and Dr. Charles Umlauf, a psychiatric and neurology expert.

The referee made the following findings of fact which are contested herein by Claimant:

7. The Defendant had the Claimant examined by Charles Umlauf, M.D., another Board certified specialist in psychiatry and neurology. Dr. Umlauf had the benefit of the medical records and Dr. Brunswick's deposition. He noted that the Claimant's back problems began in 1971 and that she had gone through various surgical procedures from then until November 1980 when she last worked. Dr. Umlauf agreed with Dr. Brunswick that the Claimant had a pre-existing psychiatric disorder, however, he felt the incident of November 19, 1980 was only one small factor in the Claimant's overall situation, and not the major aggravating cause of her current condition.

. . . .

9. The Defendant had the Claimant examined by Hugo Verbruggen, a Board certified orthopedic surgeon on March 1, 1982. Dr. Verbruggen reviewed records from the Pocono Hospital and from the various doctors who treated the

Claimant over the years. The history he obtained revealed that Claimant first experienced back pain in 1970 and that she experienced a herniated disc at the L5-S1 level. She returned to work, however, and worked approximately seven years until 1978 when her back pain recurred. Shortly, after that time, she underwent more disc operations and returned to employment, but her pain returned. As of the doctor's examination, the Claimant had undergone several operations on her lower back and she was using a cane and wearing a right molded ankle foot orthosis. Based upon the Claimant's condition, the Doctor felt she was indeed disabled, but he could not determine the direct cause of the Claimant's current problems based on her extensive history of back problems.

10. The Claimant has had back problems going back to the early 1970's. Although she was lifting or pulling a patient on November 19, 1980, and felt pain, the Referee is not persuaded that this is the direct cause of her her [sic] present problems. The referee believed Dr. Verbruggen that it is impossible in light of the Claimant's extensive back history to link the one particular incident on November 19, 1980 to the Claimant's overall disability.

11. As to the Claimant's psychiatric problems, it is agreed between the two psychiatrists that have examined the Claimant that she did have a pre-existing psychiatric disorder, but the Referee does not find that any episode of physical exertion on November 19, 1980 caused that pre-existing psychiatric disorder to become disabling. On the contrary, the Referee finds the testimony of Dr. Umlauf to be more credible

and that the work injury was only one small incident that may have contributed to the Claimant's overall psychological problem, rather than the direct cause of the problem.

Accordingly, the Referee concluded that Claimant failed to meet her burden of proof that her current disability was the result of her employment. The Board affirmed the referee. Hence, this appeal.

On appeal, Claimant contends that the referee's decision which was affirmed by the Board failed to make necessary findings of fact and conclusions of law on crucial issues because the referee failed to address the nature and legal effect of Claimant's work-related injury and also that the referee's decision erroneously accepted selected portions of the expert testimony presented by Employer out of context in order to support a denial of benefits to Claimant.

In reviewing a decision of the Board, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.),* 70 Pa. Commonwealth Ct. 542, 453 A.2d 710 (1982).

A claimant, in order to establish eligibility for compensation, has the burden of proving that the injury occurred in the course of employment and that it was related to that employment. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). When the causal connection between an injury and the alleged

work-related cause is not obvious, then the connection must be established by unequivocal medical evidence. *Id*. Also, it is sufficient in order to establish eligibility for benefits that the medical evidence establish that the injury materially contributed to the disability rather than the disability resulted from the natural progress of a pre-existing condition. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). A claimant may also be entitled to benefits if the nature of the condition from which she suffers is a direct result of her employment. *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 528 A.2d 580 (1987). In the instant matter, it is clear from the referee's findings that although Claimant may have been lifting or pulling a patient at work and felt pain, that the referee believed this was not the cause of her present problems.

However, the case before us involves a situation whereby conflicting medical testimony has been presented. It is long settled that when no additional evidence is received by the Board, the referee is the ultimate factfinder, *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); and the referee may accept or reject any testimony, including medical testimony in whole or in part. *See Kraemer. v. Workmen's Compensation Appeal Board (Perkiomen Valley School District)*, 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984). A referee may reject even uncontradicted testimony. *Kraemer*. It is also within the referee's factfinding province to draw reasonable inferences from the evidence. *Oscar Mayer and Co. v. Workmen's Compensation Appeal Board (Manzi)*, 65 Pa. Commonwealth Ct. 514, 442 A.2d 1238 (1982). Thus, if testimony when taken as a whole serves as substantial support for the referee's findings, we must affirm. *See Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 498 A.2d 800 (1985).

Our review of the record discloses that Dr. Verbruggen testified that based on Claimant's history of back problems and the series of operations performed on her back he found it extremely difficult to pinpoint a single etiology for Claimant's disability and that he could not tie in Claimant's disability to any particular single traumatic episode. Also, Dr. Verbruggen was of the opinion that the various operations performed on Claimant were not appropriate therapy. Dr. Verbruggen stated that the normal disability period for recovery from a rhizotomy is approximately six weeks. Also, our review of Dr. Verbruggen's testimony as a whole indicates that it was Dr. Verbruggen's opinion that Claimant's disabilities could be attributable to the numerous operations she had received. Accordingly, we believe that Dr. Verbruggen's testimony constituted substantial evidence to support the referee's findings.

Dr. Umlauf testified that he did not examine Claimant but he did review the various hospitalizations and medical records of Claimant as well as the deposition of Dr. Brunswick. Dr. Umlauf stated that his review of Dr. Brunswick's deposition revealed that Claimant suffered from a personality disorder and that this personality disorder existed prior to November 19, 1980. It was Dr. Umlauf's opinion that this personality disorder was not precipitated by any given accident but rather was a life long psychiatric dysfunction. It was Dr. Umlauf's conclusion that Claimant's medical disorders were not caused solely by the November 1980 incident; rather that the accident was only one small link in the chain of events that began prior to the accident. Thus, we are satisfied that the referee's conclusions based upon Dr. Umlauf's testimony are supported by substantial evidence.[1]

---

[1] Claimant points out that the referee erroneously notes in finding of fact No. 7 that Dr. Umlauf examined Claimant. However,

Therefore, for the reasons set forth herein, we will affirm the Board.

ORDER

AND NOW, this 15th day of March, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

the record indicates that Dr. Umlauf never personally examined Claimant, rather his decision was based upon the deposition of Dr. Brunswick as well as other medical documents. We do not believe this incorrect statement by the referee affects his ultimate conclusion because aside from this point, the evidence of record contains substantial evidence to support the referee's findings.