557 A.2d 808

Stuck Leasing Company, Petitioner *v.* Workmen's Compensation Appeal Board (Ziegler), Respondents.

Submitted on briefs March 3, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*John C. Mascelli*, for petitioner.

*Ira H. Weinstock*, with him, *Gerard M. Mackarevich, Ira H. Weinstock, P.C.*, for respondents.

OPINION BY SENIOR JUDGE NARICK, April 18, 1989:

Before us is an appeal by Stuck Leasing Company (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of benefits to Madeleine Ziegler (Claimant) as widow of Eugene Ziegler III (Decedent). For the reasons which follow, we affirm.

Employer is arguing on appeal to this Court that the record fails to support the conclusion of the Board and the referee that Claimant was the widow of Decedent who died in the course of his employment on November 6, 1984. Therefore according to Employer, Claimant is not entitled to benefits pursuant to Section 307 of The Penn-

sylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562.[1]

Claimant's testimony before the referee can be summarized as follows. Claimant and Decedent were first married in 1948 and during the course of this marriage six children were born. In 1972, the couple divorced. In 1974, Claimant remarried and lived in California with her new husband. In September 1975, Decedent went to California. As a result of this visit, Claimant returned to Pennsylvania with Decedent and the couple began living together. Decedent was a truck driver and his employment required him to often be away from home. In January 1977, Claimant's divorce from her second husband became final. Claimant testified that she considered her common law marriage to have commenced in September 1977 while visiting Decedent's dying brother in the hospital. Claimant stated that during this visit Decedent's brother "gave her away." In 1979, Claimant received an offer to operate a motel in California. This required Claimant and other family members, including Decedent, to be in California for long periods of time in order to operate the business. Decedent eventually resumed work as a truck driver. Claimant testified that although the motel venture started as a "family" business venture, her family including Decedent lost interest in the business. For this reason she gave it up. Claimant continued to go to California for several months each year in order to operate various businesses. Claimant testified that from time to time Decedent would give her money. When not in California, Claimant resided in the Pennsylvania home she owned jointly with Decedent.

---

[1] Section 307 of the Act provides that a widow will be entitled to benefits if she was either living with her deceased husband at the time of his death or was actually dependent upon her husband and receiving a substantial amount of her support from him.

In May 1984, Claimant filed a cause of action in divorce against Decedent whereby she requested support and alimony. At the time of his death in November 1984, Decedent had not yet responded to the complaint but an attorney had entered an appearance on his behalf. Claimant testified that a few days before he died, Decedent sent her and their daughter $400.00 in order to return home to Pennsylvania.

In further support of her position that she and Decedent had established a common law marriage, Claimant presented the testimony of two friends, Peter Gregas and Martin Beachy. Both witnesses testified to their association with Decedent and Claimant as husband and wife. Claimant also presented the testimony of her two children, John Ziegler and Jane Ziegler. Both children testified that their father took care of their mother.

Claimant also submitted into evidence an agreement of sale whereby Claimant and Decedent had purchased property as husband and wife, an automobile insurance policy in both names, joint tax returns, a birthday card indicating "With Love to My Wife" from Decedent to Claimant, an anniversary card to Claimant from Decedent and a postcard addressed to Mr. and Mrs. Eugene Ziegler. Also submitted into evidence was a tape recording of a conversation between Claimant and Decedent. This tape was found among Decedent's belongings at the time of his death. This tape was a recording of a conversation between Claimant and Decedent whereby Decedent offered to pay Claimant monthly support until she was of age to receive Social Security.

Employer presented testimony to contradict the existence of a common law marriage between Claimant and Decedent. The testimony of Barbara Fisher, a bank cashier, was presented and this witness testified that Decedent had indicated on a loan application that he was single. The witness further testified that Decedent had an

account at the bank in his name only. Employer also presented the testimony of Gladys Ziegler Studenroth, sister of Decedent. She testified that during the period 1972 to 1984 she had only seen or spoken to her brother on a few occasions, but that during this time he never told her he had remarried. According to Decedent's sister, her brother was a single man. Employer also presented the testimony of Vida Ziegler, widow of Decedent's brother. This witness testified that her husband died on March 6, 1977 and that to her knowledge Decedent and Claimant had never visited her husband in the hospital.[2] Finally, Helen Stuck testified on behalf of Employer that Decedent held himself out as a single man at his place of employment.

The referee resolved the conflicts in testimony in Claimant's favor and awarded benefits. The Board affirmed the referee; hence, this appeal.[3]

Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704 limits our scope of review to a determination of whether constitutional rights have been violated, an error of law committed or whether necessary findings of fact are supported by substantial evidence. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa. Commonwealth Ct. 405, 539 A.2d 18 (1988), *petition for allowance of appeal denied*, 520 Pa. 580, 549 A.2d 139 (1988). The validity of a common law marriage is a mixed question of law and fact. *Bowden v. Workmen's*

---

[2] Claimant testified that the "informal marriage ceremony" before Decedent's brother occurred around September 1977 but according to Vida Ziegler, her husband died in March 1977. The referee acknowledged this conflict as to dates but concluded that although the dates were incorrect he believed the event occurred.

[3] Initially the Board denied benefits relying on a mistaken belief that Decedent died on March 6, 1977 (the date of death for Decedent's brother). However, Claimant petitioned for rehearing and the Board after rehearing affirmed the referee.

*Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 476, 376 A.2d 1033 (1977).

Here, the referee confronted with conflicting evidence accepted Claimant's as credible. It is well settled that where the Board does not receive additional evidence, the referee is the judge of facts. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). This duty empowers the referee to accept or reject the testimony of any witness including medical witnesses in whole or in part. *Miller.* In fact, a referee may reject uncontradicted testimony. *Miller.* It is also within the referee's factfinding power to draw reasonable inferences from the evidence. *Oscar Mayer and Co. v. Workmen's Compensation Appeal Board (Manzi),* 65 Pa. Commonwealth Ct. 514, 442 A.2d 1238 (1982). Thus, the referee was clearly within his authority in accepting claimant's testimony over that of Employer's.

Based upon these facts as accepted by the referee, we must determine whether as a matter of law Claimant was entitled to benefits under the Act.

If a relationship commences as a meretricious one, it is presumed to continue as such unless a valid marriage is established by clear and convincing proof. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974); *Brown v. Atlantic and Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 279 A.2d 372 (1971). Evidence of cohabitation and a reputation of being married may create a presumption of marriage. *Bowden.* Of course, the presumption is rebuttable. *Bowden.* The crucial element to be determined is the present intent of the parties to form a marriage contract. *Bowden; David.* However, the precise words used by the parties is not controlling; rather, proof of the actual intention of the parties to form a marriage contract is. *Bowden.*

We believe the referee and the Board properly concluded that Claimant is entitled to benefits under the Act.

Specifically, the evidence indicated that Decedent did provide support to Claimant and that he considered it his obligation to do so. Additionally, the record reveals Claimant and Decedent purchased property in joint names; purchased automobile insurance in joint names; filed joint tax returns; had received mail as "husband and wife" and that Decedent had sent cards to Claimant as his "wife". Lastly, in May 1984, Claimant filed for divorce wherein she requested alimony and support.

Accordingly, for the reasons set forth herein, we will affirm.

ORDER

AND NOW, this 18th day of April, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.