**Hukka v. Weyhenmeyer**

*Cynthia S. Ray,* for plaintiff.
*Nicholas J. Masington III,* for defendant.

NANOVIC, *P.J.,* June 24, 2011—In these divorce proceedings, Shelly Jaye Weyhenmeyer ("defendant"), denies that the parties ever married. Since it is axiomatic that there must be a marriage before there can be a divorce, this issue was heard at a hearing held on January 18 and January 25, 2011. As a result, we address one fundamental question: Was there a common-law marriage? The answer, as discussed below, is no.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, plaintiff and defendant began living together in a romantic relationship. At the time defendant was married. The relationship, which ended in November

2008, produced two children: Jake, born December 13, 1997, and Sage, born October 26, 2000.

Plaintiff testified that "somewhere after March 1997," while in their bedroom, the parties said to one another, "This is the beginning of our new life together as husband and wife." He then put a toe ring on defendant and she attempted to do the same to plaintiff, but the ring was too small. Thereafter, the couple celebrated the event by drinking wine and having sex in a candle-lit hot tub. Defendant denied this testimony.

As a preliminary matter, plaintiff has requested that we determine the parties' marital status.

## DISCUSSION

The burden of proving a common law marriage is on the party alleging the marriage. *Staudenmayer v. Staudenmayer*, 552 Pa. 253, 262, 714 A.2d 1016, 1020 (1998). This burden is a "heavy" one and the claim must be reviewed with "great scrutiny." *Id.* As a matter of law, a common law marriage is disfavored. *Baker v. Mitchell*, 17 A.2d 738, 741 (Pa. Super. 1941).

To prove a common law marriage the proponent must prove an exchange of words in the present tense spoken with the specific purpose of creating the legal relationship of husband and wife. *Staudenmayer*, 714 A.2d at 1020.[1]

---

1. The Pennsylvania Legislature statutorily abolished common law marriages entered after January 1, 2005. However, common law marriages entered prior to that date are considered valid. See 23 Pa.C.S.A. §1103.

"[W]here the parties are available to testify regarding verba in praesenti, the burden rests with the party claiming a common law marriage to produce clear and convincing evidence of the exchange of words in the present tense spoken with the purpose of establishing the relationship of husband and wife...." *Id.* at 1021. When direct evidence presented by the parties of the marriage is disputed, as here, "the party claiming a common law marriage may introduce evidence of constant cohabitation and reputation of marriage in support of his or her claim." *Id.* Notwithstanding such circumstantial evidence, "if a putative spouse who is able to testify and fails to prove, by clear and convincing evidence, the establishment of the marriage contract through the exchange of verba in praesenti, than that party has not met its 'heavy' burden to prove a common law marriage...." *Id.*

In the instant case, the only words spoken were, "This is the beginning of our new life together as husband and wife." Standing alone, these words appear to be more appropriately spoken after an exchange of vows has occurred rather than being the exchange of vows. Although these words, when coupled with the partial exchange of toe rings, might be sufficient to prove a marriage if so intended by the parties, we are not convinced this exchange occurred. *Id.* at 1020. ("The common law marriage contract does not require any specific form of words, and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time.").

In his original divorce complaint filed on November 10,

2009, plaintiff averred that the parties have been common-law married since 1995. (Complaint, ¶4). If this date is accurate, the marriage would be invalid since defendant was not divorced from her husband until May 30, 1997. (Defendant Exhibit 20). See *International Painters and Allied Trades Industry Pension Fund v. Calabro*, 312 F. Supp. 2d 697, 702 (E.D. Pa. 2004) (recognizing that one whose previous marriage has not been dissolved is incapable of contracting to marry another). Later, in a motion filed on February 22, 2010, to set aside several documents, plaintiff averred that the parties' common-law marriage occurred on May 30, 2005. (Motion, ¶5). Pursuant to 23 Pa.C.S.A. §1103, a common law marriage on this date would be invalid. Finally, in answers to interrogatories dated April 23, 2010, plaintiff stated the marriage occurred sometime during 1997. (Defendant Exhibit 37, No. 1).

On May 25, 2005, for purposes of defendant receiving health insurance benefits through plaintiff's employer, plaintiff and defendant executed a common law marriage affidavit claiming they were common law husband and wife. (Plaintiff Exhibit A). Significantly, the date of the common law marriage is not stated in this affidavit. Regardless, the overwhelming number of documents, many filed of public record, are evidence that the parties were not married. These documents include deeds, tax returns, the parties' wills prepared in 2006 and various employment, medical, financial and insurance records. In addition, in an agreement between the parties, dated

June 11, 2009, in which the parties divide the property they acquired together, they identify themselves as former boyfriend and girlfriend.

Although defendant has at times been inconsistent in describing her marital status, often times plaintiff himself has claimed he is single, whereas he now claims he was not. In official tax returns filed for the years 2001 and 2004 through 2008, under penalty of perjury, plaintiff identified himself as a single person.[2] Overall, neither party has much to extol in their relationship with one another, which even under plaintiff's version was at best an open marriage.

In the end, however, the ultimate question is whether plaintiff has proven by clear and convincing evidence that the parties entered into an agreement for marriage. *PPL v. Workers' Compensation Appeal Board (Rebo)*, 5 A.3d 839, 845-46 (Pa. Cmwlth. 2010). By this standard - that the testimony be so clear, direct, weighty and convincing as to enable the fact-finder to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue - plaintiff has not met his burden.

## CONCLUSION

In that plaintiff has not proven by clear and convincing evidence the existence of a common law marriage, plaintiff's complaint in divorce will be dismissed.

---

2. Plaintiff's tax returns for the years 2002 and 2003 were not pr - sented at the time of hearing.