SUN ALLIANCE INSURANCE
COMPANY OF PUERTO
RICO, INC., Appellant,

v.

Andres SOTO and Lydia Soto.

No. 86–3622.

United States Court of Appeals,
Third Circuit.

Argued Dec. 8, 1987.

Decided Jan. 19, 1988.

Warren B. Cole (argued), Isherwood, Hunter and Colianni, St. Croix, V.I., for appellant.

Mary Faith Carpenter (argued), Denise R. Reovan, Law Offices of Desmond L. Maynard, Charlotte Amalie, St. Thomas, V.I., for appellees.

Before GIBBONS, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.

OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal arises from a declaratory judgment action which required the district court to determine the parties' rights and liabilities pursuant to an insurance policy. The district court found that the "business pursuits" exclusionary clause was not applicable under the facts of this case. Because we conclude that the activities at issue here do come within the business pursuits exclusion, we will reverse the judgment of the district court.

I.

Appellee Andres Soto ("Soto")[1] is the sole shareholder, president and a member of the board of directors of Andres Soto, Inc. The corporation was the owner of commercial real estate in St. Thomas, United States Virgin Islands, which consisted of 65 efficiency apartment units, a furniture store and a furniture warehouse. The corporation was insured under a commercial multi-peril policy issued by American Home Insurance Company.

1. The named appellees are Andres Soto and Lydia Soto. We shall generally refer to Mr. Soto as the appellee.

Mr. and Mrs. Soto occupied one of the apartment units on the premises. This property was insured under a tenant's homeowner's insurance policy issued to Andres and Lydia Soto by the Sun Alliance Insurance Company ("Sun Alliance"). The policy provided general homeowner's insurance for the residence and contained the following exclusion:

This policy does not apply:

* * *

(d) to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits; ....

The policy definition of business includes "the rental or holding for rental of the whole or any portion of the premises by an insured."

In April, 1983 the commercial properties were destroyed by a fire which commenced in the warehouse. Several tenants of these properties filed suit against the corporation and those suits were defended by the American Home Insurance Company. The Sotos filed their own claim with Sun Alliance for personal property damage and tendered the defense of the actions in which they were named personally as defendants to Sun Alliance. Sun Alliance refused the tender and filed a complaint seeking a declaratory judgment of its rights and liabilities under the policy.

After a bench trial the district court held that the exclusionary clause was not applicable because the "business pursuit" was that of the corporation, and not that of the individual defendant, so that Soto was personally not involved in a business pursuit. Thus Sun Alliance was obligated to defend the lawsuits in which the Sotos were named. The insurance company appealed.

The issue raised in this case involves the interpretation of an insurance contract. This is an issue of law, over which our review is plenary. *Pacific Indemnity Company v. Linn*, 766 F.2d 754 (3d Cir.

1985). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The determination of an insurance company's duty to defend an insured is made from the allegations of the complaint filed against the insured. *Pacific Indemnity Company v. Linn, id.* In this regard Sun Alliance points out that the complaints filed in this case allege tortious conduct by the Sotos in the operation of their business involving the properties at issue, or in their capacities as corporate officers, agents or employees. Sun Alliance contends that the tortious conduct of the Sotos alleged in the complaints meets the two-part test which is generally used by the courts to determine whether the activity is a business pursuit: the continuity of the activity and whether such activity is engaged in for profit.

The Sotos counter that the exclusion simply does not apply to them, as the named insured on the policy is Andres Soto (and Lydia Soto) and not Andres Soto, Inc. Since the apartment house is owned by Andres Soto, Inc. the business pursuits alleged could not have been conducted by Sun Alliance's insured (Andres Soto personally), and the business pursuits of the corporation cannot trigger the applicability of the exclusion.

We note that the complaints in this case specifically alleged that Andres Soto owned the buildings and properties at issue; that Andres Soto is the agent and president of Andres Soto, Inc.; that Mr. Soto conducted an apartment house business on the premises; that Soto was personally negligent in failing to make the buildings safe; that employees of Andres Soto, Inc. and Andres Soto personally were negligent in renting unsafe buildings and in constructing those buildings in an unsafe manner. Thus we conclude that the complaints sought recovery against Soto personally for conduct of Soto involving business activity.

We must now determine whether the business activities alleged constitute

business pursuits within the policy exclusion. We agree with Sun Alliance that activity encompassed within a "business pursuits" exclusion in an insurance policy requires two elements. The first is continuity, or customary engagement in the activity. The second, profit motive, may be shown by such activity as a means of livelihood, a means of earning a living, procuring subsistence or profit, commercial transactions or engagements. *Frankenmuth Mutual Insurance Co. v. Kompus,* 135 Mich.App. 667, 354 N.W.2d 303 (1984); *Camden Fire Association v. Johnson,* 294 S.E.2d 116 (W.Va.1982); *State Farm Fire & Casualty Co. v. Drasin,* 152 Cal.App.3d 864, 199 Cal.Rptr. 749 (1984).

■ It is undisputed that the corporation, Andres Soto, Inc. was owned and operated at a profit by Mr. Soto. At his deposition Mr. Soto testified that he owned all the stock of the corporation, was the president of the corporation and a member of the board of directors, and that he drew a salary from the corporation. Mr. Soto further testified that he built the commercial property himself about 20 years prior to the events at issue, and that the corporation had been organized prior to that.

On these facts we find that both prongs of the business pursuits exclusion test are met. The apartment complex had been operated for approximately 20 years, thus satisfying the continuity prong. A profit motive, fulfilling the second prong, has been shown by Mr. Soto's testimony that he received a salary and dividends from the corporation, as well as the other testimony noted. Therefore, we find that the business pursuits exclusion of the policy at issue precludes coverage in this case.

We find support for our position in *Industrial Indemnity Company v. Goettl,* 138 Ariz. 315, 674 P.2d 869 (App.1983). In that case a homeowner's policy with a similar business pursuits exclusion had been issued to Gust Goettl. Gust and Adam Goettl were officers and sole stockholders in International Metal Products Co. and partners in Adgus Properties, International Metal constructed a warehouse for Adgus, which then leased the building back to International Metal. The Goettls then sold their interest in International Metal and as partners in Adgus, sold the building. Sixteen years later a worker fell through the roof of the warehouse and filed a claim against the Goettls and Adgus.

The Arizona appellate court upheld the trial court's determination that the business pursuits exclusion applied. Reiterating the facts of Goettl's position at Adgus, the court found Goettl to be an active participant in the business of which the warehouse was an integral part, and that his participation in the two companies was the kind of commercial activity described in the policy as "business pursuits".

Moreover, the allegations of the worker's complaint involved specific acts by Goettl while he was engaged in the operation of the business, and thus arose from his business pursuits. Similarly the allegations of the complaint here charge Soto with specific actions arising from his business pursuits and indeed Mr. Soto testified in his deposition that he maintained the buildings in that he hired people to do the maintenance and directed their work.

### III.

We find that Sun Alliance is under no duty to defend the lawsuits at issue due to the business pursuits exclusion which is applicable in this case. Therefore, for the reasons stated above, we will reverse the judgment of the district court.