629 A.2d 208

**Polly A. BENNETT, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (FORT LeBEOUF SCHOOL DISTRICT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1993.

Decided July 14, 1993.

Jack E. Grayer, for petitioner.

Stanley G. Berlin for respondent.

Before McGINLEY, PELLEGRINI and KELLEY, JJ.

KELLEY, Judge.

Polly Bennett (claimant) appeals from an order of the Workmen's Compensation Appeal Board (board) which affirmed a referee's decision denying her claim petition. We affirm.

Claimant was employed by Fort LeBoeuf School District (employer) as a custodian. On May 17, 1988, while performing her custodial duties, claimant alleged that she injured her neck and back while unloading eighty boxes of copy paper from a semi truck.

Claimant visited her family doctor, Dr. Margaret Laukaitis, the day of the alleged injury. Claimant informed Dr. Laukaitis that she had recently lifted several heavy boxes over a short period of time and noticed low abdominal discomfort. At this visit, claimant did not complain of back pain.

Upon examination, Dr. Laukaitis found that claimant had diffuse tenderness of the abdominal wall and that claimant had suffered abdominal muscle strain secondary to lifting. Claimant was prescribed a muscle relaxant and told not to lift more than fifteen to twenty pounds.

Claimant returned to work and performed her duties on May 22, 23 and 24, 1988. Claimant visited Dr. Laukaitis again on May 27, 1988 and informed the doctor that she had returned to work; however, the pain began again. As a result, Dr. Laukaitis diagnosed claimant's condition as abdominal and lumbar muscle strain and recommended that claimant not return to work. Eventually, Dr. Laukaitis referred claimant to an orthopedic surgeon, Dr. George C. Hochreiter.

Dr. Hochreiter first examined claimant on July 21, 1988, for back and shoulder pain. Claimant informed Dr. Hochreiter that she was lifting at work on May 17, 1988, and by the end of her shift, she was tired and sore and had started to develop a complaint of neck pain, low back pain, and bilateral shoulder pain. Dr. Hochreiter diagnosed claimant's condition as cervical and lumbar strain with associated arthritis, which was of a mild nature, and tendonitis of both shoulders. Dr. Hochreiter released claimant to return to light duty work on February 6, 1989.

Claimant filed a claim petition on or about September 26, 1988, alleging that she had suffered a work-related injury to her neck and back on May 17, 1988. Claimant described her alleged injury as diffuse tenderness in cervical and lumbar regions.

After a hearing, the referee dismissed claimant's claim petition because claimant had failed to meet her burden of proving a work-related injury during her employment with employer. Claimant appealed to the board.

By order dated December 9, 1992, the board affirmed the referee's decision. It is from that order that claimant now appeals to this court.

On appeal, claimant raises three issues for this court's review:

(1) Whether the referee engaged in capricious disregard of the evidence;

(2) Whether the referee committed an error by failing to impose upon employer a burden of persuasion for evi-

dentiary issues which were based on factors of sex, age, and pre-existing medical disability; and

(3) Whether the constitutional rights of claimant were violated by the referee's conclusion that claimant did not meet her burden of proof on the employer's submission of evidence that included that claimant was aged, obese, depressed and female.

Claimant states in her brief that this court's scope of review in workmen's compensation cases where the claimant with the burden of proof has failed to meet her burden is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or whether there has been a capricious disregard of competent evidence. Consequently, claimant argues that the referee capriciously disregarded competent evidence.

Claimant's stated scope of review is correct where the party with the burden of proof is the only party to present medical evidence and loses. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991). However, in the present case, both parties presented medical evidence. Therefore, this court's scope of review in this case is to determine if constitutional rights have been violated, an error of law has been made, or necessary findings of fact are not supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988).

With a claim petition, the claimant has the burden of proving that she is entitled to compensation. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa.Commonwealth Ct. 405, 539 A.2d 18 (1988). To do so, a claimant must prove that the injury arose in the course of employment and was causally connected with the claimant's

work. *Mathies Coal Company v. Workmen's Compensation Appeal Board (Tau)*, 140 Pa.Commonwealth Ct. 24, 591 A.2d 351 (1991). This burden includes the production of unequivocal medical evidence to establish a causal relationship where there is no obvious causal connection between the injury and the claimant's employment. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985).

A review of the record in this case reveals that the referee's findings that claimant did not meet her burden of proof are supported by substantial evidence. The referee accepted, and found as credible, the testimony of employer's medical expert, Dr. Laukaitis.[1] Dr. Laukaitis testified that she began treating claimant in 1983 for hypertension and breathing difficulties and noted that claimant would often complain of dizziness, fatigue, anxiety, and depression. (Reproduced Record (R.) at 3, 4–8.)[2] Dr. Laukaitis testified further that when she saw claimant on May 17, 1988, the day of the alleged injury, she complained of lower abdominal pain but never said anything about being injured at work. (R. at 3, 11–12.) While Dr. Laukaitis did testify that claimant began to complain of back pain on May 27, 1988, the doctor also testified that an examination of claimant's back revealed no abnormalities or any evidence that claimant had suffered trauma to her back. (R. at 3, 13–23.)

Accordingly, the referee's decision that claimant failed to meet her burden of proof is supported by substantial evidence.

1. In determining if the evidence is sufficient to support an award, the referee, as fact finder, has the exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject, without reason, the testimony of any witness, including a medical witness, in whole or in part. *General Electric v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Commonwealth Ct. 461, 593 A.2d 921 (1991); *Container Corporation of America v. Workmen's Compensation Appeal Board*, 59 Pa.Commonwealth Ct. 367, 429 A.2d 1264 (1981).

2. The court wishes to point out to claimant's counsel that all of his references in claimant's brief to the reproduced record were incorrect. While this court does not believe that counsel intended to intentionally mislead the court, such errors only result in making the court's function of appellate review more difficult.

Next, claimant argues that the referee committed an error of law in failing to rule on the claimant's objections to testimony elicited from the expert medical witnesses. Claimant contends that this failure resulted in the referee failing to impose upon employer a burden of persuasion for evidentiary issues which were based on factors of sex, age, and pre-existing medical disability. In addition, claimant argues that since the objections were not ruled on, it can be inferred that the referee considered the testimony as part of the record and, therefore, considered testimony suggestive of age, sex and pre-existing medical disabilities as supportive findings against claimant's case.

The referee is not bound to follow the common law or statutory rules of evidence in a workers' compensation case; however, this does not mean that the referee may completely disregard the rules of evidence. *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa.Commonwealth Ct. 380, 467 A.2d 913 (1983). Therefore, we agree with the board that the referee should have ruled on claimant's objections, but we also agree with the board that the referee's failure to do so was harmless error.

Claimant objected, on cross-examination, to the testimony of her own expert medical witness, Dr. Hochreiter. Claimant's objections were to testimony by Dr. Hochreiter concerning how past events in claimant's life could have been the source of claimant's disability. However, since the referee rejected Dr. Hochreiter's testimony, any failure on the part of the referee to rule on claimant's objections is moot. In addition, there is nothing in the referee's decision to indicate that he did in fact consider the objected-to testimony.

Claimant also objected to the testimony of employer's expert medical witness, Dr. Laukaitis based on relevancy. The question asked of Dr. Laukaitis was whether claimant had complained of dizziness, light-headedness and extraordinary tiredness over the years. We believe that the question was relevant as it concerned complaints of pain made in the past

by claimant and such history may pertain to possible causes of claimant's alleged disability.

Finally, claimant argues that her constitutional rights were violated by permitting the submission of evidence by articulation that revealed that claimant was aged, obese, depressed and female. Claimant contends that under the Equal Rights Amendment to the Pennsylvania Constitution,[3] employer had the burden to prove that the factors based on the sex, age and pre-existing medical disability of claimant were relevant and material to rebut claimant's case. We disagree.

As we have already held above, any error on the part of the referee by failing to rule on claimant's objections was harmless. Claimant had the initial burden of proof in this case. The referee found that claimant failed to meet the required burden. As stated previously, the referee's finding is supported by substantial evidence.

Furthermore, there is nothing in the referee's decision that indicates that the referee relied on such factors as claimant's age, obesity, or sex in reaching his decision. Instead, the decision reveals that the referee merely exercised his duty to evaluate the weight of the evidence and to assess credibility. In addition, since claimant failed to meet her initial burden, whether employer met its burden of rebuttal is irrelevant.

Consequently, we find that claimant's constitutional rights were not violated. Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 14th day of July, 1993, the order of the Workmen's Compensation Appeal Board, dated December 9, 1992, at No. A92–432, is affirmed.

---

**3.** 1 Pa. Const. art. I, § 28.