

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2007

# Still v. Great N Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Still v. Great N Ins" (2007). *2007 Decisions*. Paper 249.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/249

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2425
_____

DAVID BARNES STILL,
Appellant

v.

GREAT NORTHERN INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-00339)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2007

Before: RENDELL, JORDAN and GARTH, Circuit Judges.

Filed: November 7, 2007
_____

OPINION OF THE COURT
_____

PER CURIAM

David Barnes Still appeals pro se from the District Court's entry of summary

judgment in favor of Great Northern Insurance Company. For the reasons set forth

below, we will affirm.

In 1995, Still founded Regulus Group LLC and later served as its President, CEO

and Chairman of the Board.  In or about 2000, a dispute arose concerning Still's

employment and investments at the company.  Regulus Group eventually terminated Still,

removed him from the Board of Directors, and issued additional shares in order to dilute

his interest in the company.  In November 2000, Still commenced a lawsuit in federal

court against Regulus Group and related parties alleging that the company's actions

violated the terms of several agreements as well as various Pennsylvania and federal laws.

(David Still v. Regulus Group, et al., E.D. Pa. 00-cv-6053.)  Following a jury trial, the

District Court entered judgment in favor of Regulus Group.  In March 2005, Still

commenced a second action against Regulus Group, this time in Pennsylvania state court.

Soon thereafter, Regulus Group filed a counterclaim alleging that Still's prior federal

action against the company constituted wrongful use of civil process in violation of

Pennsylvania law.  See 42 Pa. Const. Stat. Ann. § 8351 (the Dragonetti Act).

Meanwhile, Still had obtained a homeowners' insurance policy (the "Policy") with

Great Northern Insurance Company ("Great Northern").  Believing that the Policy

provided personal liability coverage for malicious prosecution claims such as Regulus

Group's counterclaim, Still requested coverage for his defense against the counterclaim.

Great Northern, however, denied coverage on the ground that the Policy precluded

coverage for liability arising from an insured's "business pursuits."

On January 26, 2007, Still filed the present complaint against Great Northern in

the United States District Court for the Eastern District of Pennsylvania seeking a

declaratory judgment that Great Northern was required to defend against Regulus

2

Group's counterclaim. Still also alleged that Great Northern acted in bad faith when it denied coverage. The parties filed cross motions for summary judgment and, on April 27, 2007, the District Court entered judgment in favor of Great Northern. The present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review a District Court's entry of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). "[T]he interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court, a question over which [this court] exercise[s] plenary review." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999).

Under Pennsylvania law, an insurance company is obligated to defend an insured when the complaint filed by the injured party may potentially come within the policy's coverage.[1] Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d Cir. 1985) (citing Pennsylvania cases). In construing an insurance policy, the court must give unambiguous terms their "plain and ordinary meaning." St. Paul Fire & Marine Ins. Co. v. Lewis, 935 F.2d 1428, 1431 (3d Cir. 1991) (quoting Pennsylvania Mfrs. Ass'n Ins. Co. v. Aetna Cas. & Sur. Ins. Co., 426 Pa. 453, 457 (1967)). Terms in an insurance contract which are ambiguous are to be construed strictly against the insurer and in favor of the insured. Id. (citing Mohn v. Am. Cas. Co., 458 Pa. 576, 586 (1974)). Upon review, we conclude that

---

[1]The District Court applied Pennsylvania law and neither party challenges this choice of law on appeal.

the District Court correctly entered summary judgment in favor of Great Northern.

In its summary judgment motion, Great Northern acknowledged that, in general, the Policy provided coverage for malicious prosecution claims.[2]  Here, however, coverage for the counterclaim was precluded by the terms of the "business pursuits" exclusion, which excluded coverage for "any damages arising out of a covered person's business pursuits, investment or other for-profit activities, for the account of a covered person or others, or business property."  The Policy separately defined "business" as "any employment, trade, occupation, profession, or farm operation including the raising or care of animals."

As an initial matter, we agree with the District Court that the "business pursuits" exclusion in the Policy is not ambiguous.  See, e.g., Travelers Indem. Co. v. Fantozzi, 825 F. Supp. 80, 85 (E.D. Pa. 1993) (finding similar "business pursuits" exclusion not ambiguous because it was couched in non-technical laymen's terminology for which insureds needed no explanation); Bullock v. Pariser, 457 A.2d 1287, 1288 (Pa. Super. Ct. 1983) (finding that no ambiguity existed in similar "business pursuits" exclusion in

---

[2]Specifically, the "Personal Liability Coverage" portion of the Policy provides as follows:

> We cover damages a covered person is legally obligated
> to pay for personal injury or property damage which take
> place anytime during the policy period and are caused by
> an occurrence, unless stated otherwise or an exclusion
> applies.  Exclusions to this coverage are described in
> Exclusions.

homeowners' policy).  Indeed, this Court has recently noted that such "business pursuits" exclusions are standard in many homeowners' insurance policies.  See Canal Ins. Co. v. Underwriters at Lloyd's London, 435 F.3d 431, 437 (3d Cir. 2006).

We also agree with the District Court that Regulus Group's counterclaim fell squarely within the scope of this exclusion.  An activity is a "business pursuit" when there is both "continuity"—or customary engagement—in the activity, and profit motive.  Sun Alliance Ins. Co. v. Soto, 836 F.2d 834, 836 (3d Cir. 1987).  Here, Still's involvement with Regulus Group was clearly continuous, as Still held several different leadership positions within the company over the course of five years.  See Canal, 435 F.3d at 439 (finding that continuity prong was satisfied because insured had operated his business on a continuous basis for approximately ten years).  It is also clear that Still's involvement with Regulus Group was motivated by profit, given that he was employed by, and had invested money in, the company.  See Travelers, 825 F. Supp. at 85 (finding that babysitting was motivated by profit because it was a means of gaining income).  Furthermore, there can be no doubt that Regulus Group's counterclaim "arose from" Still's business with Regulus Group, as the basis of the counterclaim was the federal suit that Still pursued against Regulus Group to secure his employment and investment rights in the company.  See Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 840 (M.D. Pa. 1995) (stating that an injury "arises out of" a business pursuit when it is causally connected to the business of the insured).  Therefore, the District Court correctly concluded that Great Northern was under no obligation to defend against Regulus

5

Group's counterclaim.[3]

Accordingly, we will affirm the District Court's entry of summary judgment in favor of Great Northern.

---

[3]Still does not appear to challenge the District Court's dismissal of his bad faith claim. We note, however, that such dismissal was proper.  See USX v. Liberty Mut. Ins. Co., 444 F.3d 192, 202 (3d Cir. 2006) (stating that a bad faith claim necessarily fails in the face of a determination that the insurer correctly concluded that there was no potential coverage under the policy).