# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew McGurn,                          :
               Petitioner         :
                                      :

             v.                          :    No. 41 C.D. 2014
                                        :    Submitted: July 11, 2014

Workers' Compensation Appeal        :
Board (American Patriot Ambulance    :
Services, Inc.),                         :
               Respondent        :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: August 20, 2014**

In this appeal, Matthew McGurn (Claimant) asks whether the Workers' Compensation Appeal Board (Board) erred in affirming a Workers' Compensation Judge's (WCJ) decision that denied his claim and penalty petitions and granted American Patriot Ambulance Services, Inc.'s (Employer) termination petition. Claimant primarily argues the WCJ did not issue a reasoned decision and capriciously disregarded evidence. Discerning no merit in these assertions, we affirm.

On October 15, 2010, Claimant sustained a work injury while working for Employer as an emergency medical technician. Employer issued a medical only notice of compensation payable (NCP), describing the injury as a back sprain/strain.

In January 2011, Claimant filed a claim petition relating to the October 2010 work injury. He sought temporary total disability benefits. Employer filed an answer in which it admitted that Claimant sustained a lumbar strain as stated in the medical only NCP. However, Employer denied that Claimant suffered any other low back injury, and it denied that any disability resulted from the work injury. Claimant also filed a penalty petition, alleging Employer violated the Workers' Compensation Act (Act)[1] by failing to accept liability for indemnity benefits. Employer denied the material allegations.

Thereafter, in May 2011, Employer filed a termination petition, alleging Claimant fully recovered from his work injury as of April 7, 2011. Claimant denied the material allegations. The parties' petitions were consolidated for hearing before the WCJ.

Based on the evidence presented, the WCJ made several findings, which we summarize as follows. Claimant is 28 years old. He began working for Employer in October 2008. Claimant's job duties involved "basic life support, care of patients in both emergency and non-emergency situations, writing reports, taking medical histories and then giving written reports to [his] supervisors and oral reports to nurses and doctors at emergency rooms when needed." WCJ Op., 3/7/12, Finding of Fact (F.F.) No. 2(e); Reproduced Record (R.R.) at 23a-24a. He was required to lift patients, medical equipment, and stretchers, usually with the assistance of another person. Before working for Employer, Claimant had no health problems, and he was not under any physical restrictions or medical

_____

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1–1041.4, 2501-2708.

limitations since beginning work with Employer. Prior to October 2010, Claimant never experienced any low back pain or radiating pain into his legs, nor had he undergone any diagnostic studies, MRI scans, or EMG tests to his low back or lower extremities. However, Claimant admitted that he was under medical restrictions for two weeks related to a September 2008 work-related neck injury sustained while working in prior employment.

On October 15, 2010, Claimant transported a patient from a nursing facility to a hospital. At the emergency room, he transferred the patient from a stretcher to an emergency room bed. Thereafter, he began to experience severe pain in his lower back. He thought he pulled a muscle, and he took Motrin. About 10 minutes later, he felt an "unbelievable amount of pain," and he contacted dispatch, and told them he believed he hurt his back lifting the last patient. F.F. No. 2(f); R.R. at 30a. Claimant was instructed to proceed to a hospital emergency room, where he was seen and discharged.

A few days later, Claimant treated with Employer's panel physician, who instructed Claimant not to return to work until his next appointment on October 22, 2010. At the next visit, Employer's panel physician declined Claimant's request to order an MRI scan. He approved Claimant's return to light duty work the next week for three days and full duty work thereafter. Claimant notified Employer of his change in status by email, but he did not return to work because his "employer never responded to [his] e-mail." F.F. No. 2(h); R.R. at 35a. Claimant returned to Employer's panel physician again, and asked him to order an MRI scan. Again, the doctor declined to do so.

3

Claimant began treating with Dr. Syed Sajjad (Claimant's Physician), who ordered an MRI in January 2011. Claimant's Physician subsequently referred Claimant to a neurosurgeon, who provided care for him along with Claimant's Physician. Claimant currently continues to take pain medication. He believes the doctors limited him to not performing any work involving lifting.

Claimant also testified before the WCJ at a subsequent hearing. He testified his condition improved and he attributed the improvement to treatment he received from his Physician and neurosurgeon. As a result, although he still has pain in his lower back and down his right leg, both are "better." F.F. No. 3(a); R.R. at 90a. Claimant did not believe he could return to work in his pre-injury job because he is at a high risk of re-injury.

In support of his claim petition, Claimant submitted the deposition testimony of his Physician, who is board certified in internal medicine. Claimant's Physician first examined Claimant in January 2011, about three months after the work injury. Based on his examination, Claimant's history and his review of Claimant's medical records and MRI and EMG reports, Claimant's Physician opined that Claimant suffered from lumbar radiculopathy and depression. Claimant's Physician also opined Claimant had herniated discs at L4-L5, L5-S1, and L1-L2, which "probably happened" as a result of the work incident. F.F. No. 4(i); R.R. at 60a. Claimant's Physician did not believe Claimant was capable of returning to his pre-injury job without restrictions because of the pain, and the fact that his condition would worsen.

4

In response, Employer submitted the deposition testimony of Christian I. Fras, M.D. (Employer's Physician), who is board certified in orthopedic surgery. Employer's Physician examined Claimant in April 2011. Based on his examination, Claimant's history, and a review of Claimant's medical records, Employer's Physician opined that Claimant sustained a low back strain and sprain as a result of the work incident. Employer's Physician further opined Claimant recovered from his lumbar strain and sprain. Employer's Physician did not find any objective findings to support Claimant's subjective complaints. Further, Employer's Physician did not find any objective findings during Claimant's physical examination that would indicate radicular pain. Employer's Physician agreed that Claimant has a disc herniation, but he opined there is no evidence that the herniation is traumatic in nature. He further opined there is no relationship between Claimant's herniation and Claimant's work injury.

Ultimately, the WCJ rejected the testimony of Claimant and his Physician. Additionally, the WCJ credited Employer's Physician's testimony. As a result, the WCJ determined Claimant did not meet the burden of proof on his claim petition. The WCJ determined Claimant did not prove he suffered any injury other than the accepted low back strain and sprain or that he was disabled as a result of the October 15, 2010 work incident. The WCJ further determined Claimant did not meet the burden of proof on his penalty petition because he did not prove any violation of the Act.[2] The WCJ also determined Employer met the burden of proof on its termination petition that Claimant was fully recovered from the October 15, 2010 work injury as of April 7, 2011 based on the credited

---

[2] The WCJ's denial of Claimant's penalty petition is not at issue in this appeal.

testimony of Employer's Physician. Thus, the WCJ denied Claimant's claim and penalty petitions and granted Employer's termination petition.

On Claimant's appeal, the Board affirmed. This appeal by Claimant followed.

On appeal,[3] Claimant argues the Board erred in affirming the WCJ's decision, which was not a reasoned decision because: (1) the finding in which the WCJ rejected Claimant's testimony was wholly inaccurate; and, (2) the WCJ selectively adopted Employer's Physician's testimony which, when read in its entirety, leads to a contrary conclusion.

Initially, we note, the WCJ, as the ultimate fact-finder in workers' compensation cases, "has exclusive province over questions of credibility and evidentiary weight …." A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013). The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. Id. The WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. Id. Indeed, the WCJ may reject the testimony of any witness even if it is uncontradicted. Capuano v. Workers' Comp. Appeal Bd. (Boeing Helicopter Co.), 724 A.2d 407 (Pa. Cmwlth. 1999). We are bound by the WCJ's credibility determinations. Id.

---

[3] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

Moreover, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53, 60 (Pa. Cmwlth. 2014) (citation omitted). We examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. Id. If the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence. Id. Additionally, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. Id.

Claimant first argues the WCJ did not issue a reasoned decision because the WCJ's decision was premised on an erroneous factual finding that was inconsistent with and contrary to the substantial competent evidence presented. Specifically, Claimant asserts an objective review of the WCJ's opinion confirms the WCJ's crucial finding, in which she explained the basis for why she discredited Claimant's testimony, was inaccurate because it was contrary to Claimant's testimony and other relevant record evidence.

With regard to the reasoned decision requirement, Section 422(a) of the Act states, as pertinent:

> All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies

7

and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence.

77 P.S. §834.

In Daniels v. Workers' Compensation Appeal Board (Tristate Transport), 828 A.2d 1043 (Pa. 2003), our Supreme Court considered the proper construction of Section 422(a)'s reasoned decision requirement in a case with conflicting evidence. In considering what constitutes an adequate explanation for resolving conflicting testimony, the Court distinguished between live testimony and deposition testimony. Specifically, the Court stated:

> In a case where the fact-finder has had the advantage of seeing the witnesses testify and assessing their demeanor, a mere conclusion as to which witness was deemed credible, in the absence of some special circumstance, could be sufficient to render the decision adequately reasoned.

Id. at 1053.

Where witnesses provide conflicting testimony by way of deposition, however, a WCJ must articulate some objective basis for his credibility determination. Id. The Court in Daniels further explained:

> [T]here are countless objective factors which may support the decision to accept certain evidence while 'rejecting or discrediting competent conflicting evidence.' For example, an expert witness's opinion may be based upon erroneous factual assumptions; or an expert may have had less interaction with the subject; or the interaction was in a less timely fashion; or the expert may betray a bias or interest in the matter. In addition, an expert witness may be unqualified or less qualified

8

than the opposing party's expert; or may be impeached with inconsistencies or contradictions in his or her testimony or reports; or may be impeached in some other convincing fashion. But these are relevant factors which are readily capable of identification and easy articulation by the WCJ. The point is that, absent the circumstance where a credibility assessment may be said to have been tied to the inherently subjective circumstance of witness demeanor, some articulation of the actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review.

Id. at 1053 (citations omitted).

The reasoned decision requirement in "Section 422(a) [of the Act] does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal." Ace Wire Spring & Form Co. v. Workers' Comp. Appeal Bd. (Walshesky), ___ A.3d ___, ___ (Pa. Cmwlth., No. 1916 C.D. 2013, filed June 10, 2014), 2014 WL 2576059 at *10.

Here, in rejecting Claimant's testimony, the WCJ stated (with emphasis added):

a. This [WCJ] is not persuaded by the Claimant's testimony that he suffered a more extensive injury than a lumbar strain and sprain as a result of the October 15, 2010 work incident or that he was disabled as a result of the October 15, 2010 work incident. The Claimant's testimony is found to be neither credible nor persuasive in this regard based on the Claimant's demeanor at the time of his testimony before this [WCJ]. Additionally, the Claimant's testimony concerning his prior back problems was inconsistent with the medical records. The Claimant specifically denied prior low back problems, denied prior radiating pain, and denied prior testing for his lower back

9

> before this [WCJ], and he did not provide an accurate history regarding his prior low back problems to [Claimant's Physician] or to [Employer's Physician]. His medical records revealed that he had pain radiating into his right thigh before the work incident. He also failed to mention a low back injury when describing his prior 2008 work incident before this [WCJ]. The Claimant's attempt to mislead this [WCJ] and the medical providers regarding his medical history reflects negatively on his credibility.

F.F. No. 7(a).

Claimant's challenge to this finding fails for two reasons. First, Claimant twice testified live before the WCJ. Because the WCJ personally observed Claimant testify and assessed his demeanor, a conclusion that the WCJ deemed Claimant not credible is sufficient to render the decision adequately reasoned. See PPL v. Workers' Comp. Appeal Bd. (Rebo), 5 A.3d 839 (Pa. Cmwlth. 2010).

In addition, the WCJ's further reason for rejecting Claimant's testimony, that Claimant's testimony concerning his prior back problems was inconsistent with the medical records, is adequately supported by the record. Compare R.R. at 39a-40a, 44a (Claimant's testimony that, prior to the October 2010 work incident, he never injured his low back or had any low back pain or pain radiating into his lower extremities) with R.R. at 70a (Employer's Physician's testimony that a 2008 hospital record indicated Claimant had complaints of pain in his lower back radiating down the right thigh). For these reasons, we reject Claimant's challenge to the WCJ's credibility finding.

10

Claimant next argues the WCJ erred in accepting the opinion testimony of Employer's Physician. Claimant contends the WCJ selectively accepted Employer's Physician's opinions as "fact" when, in fact, a reading of Employer's Physician's entire testimony reveals an intractable unwillingness to acknowledge Claimant suffered an injury when no other conclusion is possible in light of the circumstances. Pet'r's Br. at 19. Claimant asserts Employer's Physician admitted Claimant suffered a work injury, testified that Claimant fully recovered from that injury, and that the multiple herniated discs from which Claimant still suffered were not work-related. However, Claimant maintains, Employer's Physician offered no basis for his opinions.

In crediting Employer's Physician's testimony here, the WCJ found:

c. This [WCJ] finds the testimony, conclusion, and opinion of [Employer's Physician] that the Claimant was fully recovered from his work-related injury as of April 7, 2011 to be both credible and persuasive. [Employer's Physician] is highly qualified to render an opinion in this matter. His opinion of full recovery is supported by his clinical examination results and review of the Claimant's medical history and records.

d. Based on the credible evidence of record, this [WCJ] finds that the Claimant suffered a work-related injury in the nature of a non-disabling low back strain and sprain while performing his work duties on October 15, 2010 from which he was fully recovered as of April [7], 2011.

F.F. Nos. 7(c), (d). Our review of Employer's Physician's testimony supports the WCJ's findings that Claimant fully recovered from his work injury and that there

11

were no objective findings to support Claimant's subjective complaints.  See R.R. at 70a-71a.[4]

Further, the WCJ found, "[Employer's Physician] agrees that the Claimant has a disc herniation, but there is no evidence that the herniation is traumatic in nature.  There is no relationship between Claimant's herniation and Claimant's work injury of October 15, 2010."  F.F. No. 5(s).  Again, this finding is directly supported by Employer's Physician's testimony.  R.R. at 82a.

Also, while Claimant argues Employer's Physician offered no basis for his opinion that Claimant's disc herniations were not work-related, on re-cross-examination, Employer's Physician testified as follows (with emphasis added):

> Q. So what is your opinion, Doctor, as to what is cause of the herniation?
>
> A. The specific cause of the herniations are noted on [Claimant's] imaging studies, may be speculated upon.  Various studies have clearly identified the vast majority of herniations in the lumbar spine are sustained without any identifiable trauma.  And, certainly, [Claimant] has evidence of degenerative changes afflicting much of his spine.  There is no evidence on the imaging studies to suggest that these are traumatic herniations.  Such herniations have clear radiographic

---

[4] An employer seeking to terminate workers' compensation benefits bears the burden of proving either that a claimant's disability ceased, or that any current disability arises from a cause unrelated to a claimant's work injury.  Davis v. Workers' Comp. Appeal Bd. (Mercy Douglas), 749 A.2d 1033 (Pa. Cmwlth. 2000) (en banc). Where a claimant complains of pain, the burden in a termination petition is met when "an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there is no objective medical findings which substantiate the claims of pain or connect them to the work injury."  Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.), 705 A.2d 1290, 1293 (Pa. 1997).

12

> markers associated with them. But, again, the exact cause or causes of the multiple herniations that afflict [Claimant's] spine on MRI studies can only be speculated upon or may be stated confidently, is that they are unrelated to the episode of 10/15/2010.

R.R. at 82a.

Claimant next argues that the WCJ erred in failing, at a minimum, to award Claimant disability benefits from the date of the October 2010 work injury through the date of Employer's Physician's April 2011 examination based on Claimant's Physician's uncontradicted testimony that Claimant was disabled during this period.

In a claim petition, a claimant must establish all the necessary elements to prevail. A claimant must prove the injury occurred in the course of employment and that it is related to that employment. Inglis House v. Workmen's Comp. Appeal Bd. (Reedy), 634 A.2d 592 (Pa. 1993). Further, the claimant must establish the work injury resulted in a disability that continued for the period of time for which benefits are sought. Delaware Cnty. v. Workers' Comp. Appeal Bd. (Baxter Coles), 808 A.2d 965 (Pa. Cmwlth. 2002). Thus, the claimant is required to establish the length of his disability. Coyne v. Workers' Comp. Appeal Bd. (Villanova Univ.), 942 A.2d 939 (Pa. Cmwlth. 2008). Where there is no obvious causal connection between the injury and the work-related cause, unequivocal medical testimony is necessary to establish such a connection. Cromie v. Workmen's Comp. Appeal Bd. (Anchor Hocking Corp.), 600 A.2d 677 (Pa. Cmwlth. 1991). Additionally, the WCJ must find such medical testimony credible in order for a claimant to prevail. See, e.g., Koshatka v. Workers' Comp.

13

Appeal Bd. (Sch. Dist. of Phila.) (Pa. Cmwlth., No. 1475 C.D. 2013, filed June 26, 2014), 2014 WL 2939172 (unreported).

> Further,
>
> [a] claimant seeking disability benefits [by Claim Petition] must prove that he has suffered a disability caused by a work-related injury. The claimant must show not only physical impairment, but also a loss of earning power. A 'disability' means a loss of earning power, not a physical disability caused by a work injury. If the claimant's loss of earnings is the result of the work injury, he is entitled to disability benefits; if not, benefits must be suspended.

Furnari, 90 A.3d at 59 (citation omitted).

Here, the WCJ specifically rejected Claimant's Physician's testimony, stating:

> b. <u>This [WCJ] finds the testimony, conclusions and opinions of [Claimant's Physician] to be neither credible nor persuasive.</u> Although [Claimant's Physician] was the Claimant's treating physician, he did not examine the Claimant until three months after the work incident; he did not conduct a complete and thorough examination of the Claimant on all occasions; he admittedly only reviewed the MRI reports and was not familiar with reading MRI scans; he presented equivocal and inconsistent testimony regarding the relationship of the Claimant's dis[c] herniations and depression to the work incident; and his opinions were based on the incredible history provided by the Claimant.

F.F. No. 7(b). Because Claimant bore the burden of proving his entitlement to indemnity benefits, and the WCJ rejected the testimony of Claimant and his Physician, we discern no error in the WCJ's decision not to award Claimant

14

indemnity benefits.[5]  In short, Claimant did not produce any credible evidence to establish a loss of earning power.  See WCJ Op., Concl. of Law No. 2 (Claimant did not prove he was disabled as a result of the October 15, 2010 work injury).

As a final point, Claimant contends the WCJ's decision constitutes a capricious disregard of evidence.  In support, Claimant reiterates his arguments that the WCJ improperly rejected his testimony because he did not testify as the WCJ stated, and the WCJ erred in relying on the testimony of Employer's Physician.

As to the capricious disregard standard, this Court explained,

as fact finder, the WCJ is not required to accept even uncontradicted testimony.  Capricious disregard occurs only when the fact-finder deliberately ignores relevant, competent evidence.  <u>A capricious disregard of the evidence in a workers' compensation case is a deliberate and baseless disregard of apparently trustworthy evidence.</u>  <u>We emphasize our Supreme Court's pronouncement that, where there is substantial evidence to support an agency's factual findings, and those findings in turn support the conclusions, it should remain a rare instance in which an appellate court would disturb an adjudication based upon the capricious disregard of material, competent evidence.</u>

<u>McCool v. Workers' Comp. Appeal Bd. (Sunoco, Inc.)</u>, 78 A.3d 1250, 1256 (Pa. Cmwlth. 2013), <u>appeal</u> <u>denied</u>, 87 A.3d 817 (Pa. 2014) (emphasis added) (citations omitted).  Under the capricious disregard standard, a WCJ may generally disregard

---

[5] Further, while Claimant testified that Employer's panel physician did not release him to return to work until October 22, 2010, seven days after the work injury, the Act provides that, generally, "[n]o compensation shall be allowed for the first seven days after disability begins …."  Section 306(e) of the Act, 77 P.S. §514.

the testimony of any witness, even if the testimony is uncontradicted; however, a WCJ lacks discretion to disregard competent evidence without a reasonable explanation or without specifically discrediting it. Green v. Workers' Comp. Appeal Bd. (US Airways), 28 A.3d 936 (Pa. Cmwlth. 2011). Capricious disregard, by definition, does not exist where, as here, the WCJ expressly considers and rejects the evidence. Ace Wire.

Here, as discussed above, the WCJ explained, in detail, her bases for discrediting the testimony of Claimant and his Physician and crediting the testimony of Employer's Physician, and the record supports the WCJ's determinations. Because the WCJ's findings support her conclusion that Claimant did not meet the burden of proof on his claim petition and that Employer met the burden of proof on its termination petition, we reject Claimant's argument that the WCJ capriciously disregarded evidence here. McCool.

_____
ROBERT SIMPSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew McGurn,             :
           Petitioner          :
                               :
         v.                  :    No. 41 C.D. 2014
                               :
Workers' Compensation Appeal      :
Board (American Patriot Ambulance   :
Services, Inc.),                   :
         Respondent     :

# **O R D E R**

**AND NOW**, this 20th day of August, 2014, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge
